## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

RICHARD COX, ADC #115950                                                                                    PLAINTIFF

v.                                       2:16CV00172-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                                        DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Richard Cox ("Plaintiff") filed this action alleging that Defendants have violated his constitutional rights by denying him a religious accommodation to grow dreadlocks. (Doc. No. 2.) Defendants have filed a Motion for Summary Judgment (Doc. No. 15) seeking dismissal of all claims against them because Plaintiff failed to first exhaust his administrative remedies before filing his lawsuit. (*Id.*) Plaintiff has responded (Doc. Nos. 20-23) so the matter is ripe for a decision. After careful consideration of the pleadings, I find Defendants' Motion should be GRANTED.

### II.   STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Arkansas Department of Correction ('ADC') Administrative Directive 14-16. (Doc. No. 17-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id.* at 8-9.) If the inmate is unsatisfied with the outcome

3

of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 11-16.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 8-9.)

In support of their Motion, Defendants have provided a Declaration from the Grievance Supervisor, Barbara Williams. (*Id*. at 1-3.) Ms. Williams states, "I have reviewed my grievance appeal files regarding Richard Cox, ADC #115950. Upon review, I have found that prior to filing *Cox v. Kelley*, 2:16-CV00172 (E.D. Ark. 2016) on December 30, 2016, Plaintiff did not exhaust his administrative remedies against Wendy Kelley, Gaylon Lay, or James Dycus. Plaintiff did not specifically name these person in an exhausted grievance." (*Id.* at 2.)

Defendants have also provided a copy of the relevant grievance, EAM-15-02352. (Doc. No. 17-1 at 40-44, 50-52.) Grievance EAM-15-02352 refers only to Chaplain Bray and fails to name any of the Defendants in this cause of action. (*Id.*)

Based on the foregoing, I find Plaintiff failed to administratively exhaust his claims against Defendants Wendy Kelley, Gaylon Lay, and James Dycus. Plaintiff's one grievance does not include any allegations against these Defendants. And Plaintiff has neither provided any basis to counter Defendants' Motion nor has he shown that he properly exhausted any grievances with regard to their alleged misconduct. I have also considered Plaintiff's Response, Declaration, Brief in Support and Statement of Facts (Doc. Nos. 20-23), but Grievance EAM-15-02352 clearly shows Mr. Cox failed to exhaust his administrative remedies before filing this lawsuit. Accordingly, the claims against them must be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendants' Motion for Summary Judgment (Doc. No. 15) be GRANTED and

Plaintiff's claims against Defendants Wendy Kelley, Gaylon Lay, and James Dycus be DISMISSED without prejudice for failure to exhaust administrative remedies.

2.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 14th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE